# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SARAH TIFFANY MARANDA TURNER,

    **Plaintiff,**

v.                                       **CIVIL ACTION NO. 1:12CV24**

HCR MANOR CARE,

    **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

Before the Court is Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment [Docket Entry 9]. This Motion is before the undersigned upon referral by United States District Judge Irene M. Keeley. The motion is fully briefed and ripe for review.

### I. Procedural History

On January 31, 2012, Plaintiff Sarah Tiffany Miranda Turner ("Plaintiff"), appearing *pro se*, filed her Complaint [DE1]. The Court granted IFP on February 2, 2012 [DE4], and summons was issued that same date [DE5]. Summons was executed on February 21, 2012 [DE 8]. Defendant HCR Manorcare ("Defendant") filed its "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and Memorandum in Support on March 13, 2012 [DE 9 and 10]. The Court advised Plaintiff of her right to file opposition to the motion to dismiss or for summary judgment, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on April 9, 2012 [DE13]. Plaintiff filed her Response to the Motion on May 7, 2012 [DE 15]. Defendant filed its Reply on May 21, 2012 [DE 16]. This action was referred to the undersigned United States Magistrate Judge by United States District Judge Irene M. Keeley on October 9, 2012 [DE 17].

## II. Facts

In summarizing the facts, the Court resolves all disputed factual issues in the plaintiffs' favor. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). Plaintiff's Complaint states, in full:

1. On July 6, 2006, I started my employment with HCR Manor Care (Heartland of Clarksburg) as a Certified Nursing Assistant. On January 1, 2010, I was off of work for one year due to my pregnancy and my disability. On July 22, 2010, I was released to return to work. When I returned to work, I had a medical episode and was placed on medical leave until further notice. In February 2011, I was released to return to work starting February 16, 2011. On February 4, 2011, I was called at home by Griffith, Administrator, and told that I was discharged. Fifteen minutes later, Charles Griffith called me again and told me that an error was made and I was to come into work on February 7, 2011. I went to work at 4:00 p.m. One hour later, I was told that I was discharged.

2. On February 7, 2011, I had a meeting with Charles Griffith, Administrator; Belinda Burkhammer, Director of Nursing; and Nancy Dodd, Union Steward. I was told that I was discharged for not updating my work s[l]ip every 30 days.

3. I believe that the respondent discriminated against me because of my pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended, and my disability in violation of the Americans with Disabilities Act of 1990, as amended, in that For approximately one year, I have been off of work due to my pregnancy and disability. When I was released to return to work, I was discharged.

Defendant filed its "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," attaching a U.S. Equal Employment Opportunity Commission ("EEOC") Dismissal and Notice of Rights which indicated on its face that it had been mailed to Plaintiff on September 20, 2011 (Exhibit A). The Notice of Rights states:

The EEOC is closing its file on this charge for the following reason:

The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained established violations of the statutes. This does not certify that the respondent is in compliance with the

statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

The form included a "Notice of Suit Rights" which provides, in pertinent part:

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**, or your right to sue based on this charge will be lost . . . .

(Emphasis in Original).

In Plaintiff's Response to Defendant's Motion, she states, in pertinent part:

Connie Davis (EEOC Worker) informed me that I had until January 31, 2012 to file my case at the Federal Court House with the right to sue HCR Manor Care. This was due to the EEOC closing my case on September 30, 2011. (My case was closed within a week and a half of investigation by Bryan Shelton).

After receiving my closed case paper in the mail, I then went to the library to type up a paper on November 17, 2011, asking the EEOC to consider re-opening my case. I didn't feel that it was throughly investigated long enough due to Bryan Shelton stating that he agreed with HCR's policies. (I would also like to state that the Administrator at the time, Dianna Crickard & HR, Denita Roland; Granted me the Medical Leave Papers to be filled out every three months)[sic]. My doctor, Susan Garner of Premiere Medical, stated that my return to work date was unknown (she told me that she knew very well how the Heartland system worked with bothering doctors on paper work).

I waited almost a month and a half to get a phone call or paper work in the mail on the EEOC's answer to my paper I sent in on the 17th of November 2011. I called several times to the EEOC and left messages, checking to see if they had reconsidered opening my case. I finally got a phone call back on January 10, 2012 from Connie Davis. (Supervisor of Bryan Shelton).

Plaintiff attached a copy of EEOC Dismissal and Notice of Rights mailed to her on September 30, 2011, which included the Notice of Suit Rights already quoted, as well as an enclosure which again warned:

> In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* **this notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

(Emphasis in Original). Plaintiff also attached a copy of the letter she wrote to the EEOC on November 17, 2011, requesting her case be re-opened and re-investigated.

### III. STANDARD OF LAW

Defendant moves for dismissal of Plaintiff's Complaint due to her failure to allege in the Complaint that she filed her suit within 90 days of receiving her right to sue notice. Dismissal under Rule 12(b)(6) is inappropriate unless it appears beyond doubt that the plaintiff cannot prove any set of facts to support his or her allegations. Revene v. Charles County Comm'rs, 882 F.2d 870 (4th Cir. 1989). Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30 (1st Cir. 2001)(cited with approval in Witthohn v. Federal Ins. Co., 164 Fed. Appx. 395 (4th Cir. 2006)(unpublished).

The United States Supreme Court holds that a complaint, especially a *pro se* complaint, should not be dismissed summarily unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(quoting from Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Based on United States Supreme Court rulings, the Fourth

Circuit, in Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978), quoted with approval Canty v. City of Richmond, 383 F. Supp. 1396 (E.D. Va. 1974), affirmed 526 F.2d 587 (4th Cir. 1975), cert. denied 423 U.S. 1062, 96 S. Ct. 802, 46 L.Ed.2d 654 (1976), as follows:

> (T)he Fourth Circuit takes the position that its district courts must be especially solicitous of civil rights plaintiffs.
>
> This solicitude for a civil rights plaintiff with counsel must be heightened when a civil rights plaintiff appears pro se. In the great run of pro se cases, the issues are faintly articulated and often only dimly perceived. There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done. So, although the Court of Appeals cannot mean that it expects the district courts to assume the role of advocate for the pro se plaintiff, radiations from Burris strongly suggest that the district court must examine the pro se complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could very well provide a basis for recovery under any of the civil rights acts or heads of jurisdiction in the federal arsenal for redress of constitutional deprivations. Accordingly, the Court in considering the defendants' motion to dismiss will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed.

Id. at 1151.

Following the dictates of the United States Supreme Court and the Fourth Circuit, the undersigned, after reviewing the complaint, concludes that Plaintiff's failure to allege in the Complaint itself that she was given a right to sue notice or that she filed suit within 90 days of receiving such notice is a technicality that was remedied at least in part by her own inclusion of the Right to Sue letter to her Response. The Court has also reviewed Plaintiff's other attachments, including a letter written to EEOC employees Connie Davis and Bryan Shelton on November 17, 2011. Having considered these documents, and pursuant to Fed.R.Civ.P. 12(d), the undersigned recommends Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) be denied and further recommends this matter be considered instead upon the defendant's Motion for Summary Judgment.

Plaintiff was given a reasonable opportunity, as reflected in the Roseboro Notice sent to her on April 9, 2012 [DE 13], to file counter-affidavits or other responsive material, and was advised of the fact that her failure to respond might result in the entry of summary judgment against her. Plaintiff did respond, presenting all the material the undersigned deems necessary to a resolution of the Motion.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In considering a motion for summary judgment, the court is required to draw reasonable inferences from the facts in a light most favorable to the nonmoving party. Id. at 255.

The moving party has the burden of initially showing the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings but instead must have evidence showing that there is a genuine issue for trial. Id. at 324.

## IV. ANALYSIS

The undersigned finds there is no genuine issue concerning any material fact in this case. Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act plaintiffs making

a claim against a private, non-government employer, have a ninety-day period in which to file their claims after the EEOC has given them a right-to-sue letter. 42 U.S.C. section 2000e-5(f)(1).[1]  See also Watts-Means v. Prince George's Family Crisis Center, 7 F.3d 40 (4th Cir. 1993)(lawsuit commenced 95 days after plaintiff received her right to sue letter barred by the 90-day rule); Harvey v. City of Newbern Police Dept., 813 F.2d 652 (4th Cir. 1987)(Title VII lawsuit disallowed where suit was commenced 91 days after receipt of right to sue letter); Dixon v. Digital Equipment Corp., 976 F.2d 725 (4th Cir. 1992)(affirming district court's grant of summary judgment where pro se plaintiff filed suit on the 91st day after receiving right to sue letter).

Plaintiff attached the "Dismissal and Notice of Rights" form from the EEOC, which includes a "Notice of Suit Rights." The Notice is dated September 30, 2011. It expressly warned Plaintiff that any lawsuit must be filed within 90 days of her receipt of the Notice or her right to sue would be lost. Plaintiff does not state the date on which she received the Notice. When the date that a plaintiff received actual notice is unknown, as in this case, Federal Rule of Civil Procedure 6(d) creates a presumption that notice was received three days after it was mailed. See Nguyen v. Inova Alexandria Hosp., 1999 WL 556446, at *3 (4th Cir. 1999)(unpublished)(finding that when the date on which the right-to-sue letter was actually delivered is in dispute, the letter is presumed to have been delivered three days after it was mailed.) Plaintiff does not dispute that she received the right-to-sue notice within three days of its mailing on September 20, 2011. Applying the three-day rule, the Court finds that the ninety-day limitations period was triggered on October 3, 2011. Thus, Plaintiff's last day to file her Complaint was January 2, 2012. It is undisputed that the Complaint

---

[1] Title VII's procedural mechanism for timely filing a civil action is expressly adopted by the ADA. 42 U.S.C. section 12117(a)(stating that the ADA adopts the "powers, remedies, and procedures," including section 20003-5, set forth in Title VII.)

was filed January 31, 2012. Absent Plaintiff establishing a legitimate basis for equitable tolling, her Complaint is time-barred and should be dismissed.

If a claimant does not file within the 90-day period a court may equitably toll the statute of limitations in the following circumstances: (1) the claimant received inadequate notice, (2) a motion for appointment of counsel is pending, (3) the court led the plaintiff to believe that she completed all necessary requirements, or (4) the defendant's affirmative misconduct lulled the plaintiff into inaction. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Otherwise, a claimant's failure to bring suit within 90 days generally forfeits her right to pursue the claim. Id., 466 U.S. at 152, 104 S.Ct. At 1726 ( "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

It appears to the undersigned that Plaintiff does argue equitable tolling. Plaintiff first states that she was informed by (EEOC Worker) Connie Davis that she had until January 31, 2012, to file her Complaint. She next states that, after receiving her closed case paper in the mail, she "went to the library to type up a paper on November 17, 2011, asking the EEOC to reconsider re-opening [her] case." She then "waited almost a month and a half to get a phone call or paper work in the mail on the EEOC's answer to [her] paper [she] sent in on the 17th of November 2011." She had called the EEOC several times and left messages, checking to see if it had reconsidered re-opening her case. She "finally got a phone call back on January 10, 2012 from Connie Davis."

The undersigned finds Plaintiff has failed to sustain her burden to show she is entitled to equitable tolling. She does not dispute that she received adequate notice of the requirement of filing a lawsuit within 90 days. The Right-to-Sue letter expressly stated (bold print and caps in original):

> Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**, or your right to sue based on this charge will be lost.

There was no motion for appointment of counsel pending during the 90 days. The court did not lead Plaintiff to believe she completed all necessary requirements. Finally, there is no allegation or evidence that the defendant (HCR)'s conduct lulled Plaintiff into inaction.

Even if Connie Davis, the EEOC employee, did misinform Plaintiff that she had until January 31, 2012, to file her complaint, that fact is irrelevant because, as Plaintiff states, Davis' misinformation was provided on January 10, 2012. Plaintiff's deadline for filing her complaint had already passed by that time.

Nor did Plaintiff's filing of a Request for Reconsideration toll the 90-day statute of limitations. The Dismissal and Notice of Rights mailed on September 30, 2012, is the final determination of the Commission. There is no extension of the statute of limitations in a suit against a private, non-government employer, for a request for reconsideration by a party. See 29 C.F.R. section 1601.19.

## V. Recommended Decision

In accord with the reasons herein stated, the undersigned recommends that Defendant's Motion to Dismiss" be **DENIED**, its Motion for Summary Judgment be **GRANTED** and this case be dismissed from the Court's docket.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States

District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation.  28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to Plaintiff *pro se* and counsel of record.

Respectfully submitted this 24th day of October, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE